**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATHANIEL BRABHAM, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 3:15-CV-0607 |
| v. | : | |
| | : | (JUDGE NEALON) |
| DR. JOSEPH MOLLURA, ET AL., | : | (MAGISTRATE JUDGE SCHWAB) |
| Defendants | : | |

**MEMORANDUM**

On March 26, 2015, Plaintiff, Nathaniel Brabham, an inmate currently confined at the State Correctional Institution in Pittsburgh, Pennsylvania ("SCI-Pittsburgh"), filed a complaint pursuant to 42 U.S.C. § 1983. On March 27, 2015, Magistrate Judge Susan E. Schwab issued a Report and Recommendation ("R&R"), recommending that the case be transferred to the United States District Court for the Western District of Pennsylvania. (Doc. 8).

Objections were due by April 13, 2015. (Id.). No objections have been filed. For the reasons set forth below, the R&R will be adopted, and the case will be transferred to the Western District of Pennsylvania.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985);

28 U.S.C. § 636(b)(1)(C).  Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice").  In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.  Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report.  28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

**Discussion**

In his complaint, Plaintiff alleges that his Eighth Amendment right to medical care and his First Amendment rights were violated during his housing at SCI-Pittsburgh.  (Doc. 1).  Magistrate Judge Schwab cites to 28 U.S.C. § 1391(b), which defines the proper venue that a civil action may be raised in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

>   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>   (3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  (Doc. 8, p. 2).  Magistrate Judge Schwab then cites case law that states that a court has two (2) options when venue is not proper: (1) dismiss the action due to lack of venue pursuant to 28 U.S.C. § 1406 and Rule 12(b)(3) of the Federal Rules of Civil Procedure; or (2) provide another form of relief, such as transferring the case to the proper district, in the interests of justice.  (Id. at 3).  Ultimately, Magistrate Judge Schwab recommends transfer of this case, as opposed to dismissal, to the Western District of Pennsylvania in order to protect Plaintiff's rights because this Court lacks venue as the alleged violations occurred in the Western District of Pennsylvania where SCI-Pittsburgh is located, and Defendants do not appear to be within the confines of the Middle District of Pennsylvania.  (Id. at 2-5).

   After review, and in the absence of objections, because there is no clear error with Magistrate Judge Schwab's R&R, it will be adopted as such.  Thus, the matter will be transferred to the United States District Court for the Western

District of Pennsylvania.

A separate Order will be issued.

**Date:** April 14, 2015

                                           /s/ **William J. Nealon**
                                           **United States District Judge**